# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 09-0674V
Filed: April 10, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * *

JULIUS REESE, a minor,　　　　　　*
by his mother and natural guardian,　*
CELESTE REESE,　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Petitioner,　　　　　*
　　　　　　　　　　　　　　　　*　　Autism; Stipulation;
　　　　v.　　　　　　　　　　　*　　Attorneys' Fees and Costs
　　　　　　　　　　　　　　　　*
SECRETARY OF HEALTH AND　　　*
HUMAN SERVICES　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Respondent.　　　　*
　　　　　　　　　　　　　　　　*

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Clifford Shoemaker, Esq.*, Shoemaker, Gentry & Knickelbein, Vienna, VA for petitioner.
*Lynn Ricciardella, Esq.*, US Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

　　　In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision dismissing this petition on August 28, 2013. Petitioner filed a final application for attorneys' fees and costs on March 29, 2014. On April 10, 2014, the parties filed a stipulation for attorneys' fees and costs. The stipulation indicates that after informal discussions respondent does not object to the amount petitioner is requesting.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $15,086.14[3] as follows:**

- **a lump sum of $15,059.19 in the form of a check payable jointly to petitioner, Celeste Reese and petitioner's counsel of record, Clifford Shoemaker, for petitioner's attorney fees and costs, and**

- **a lump sum of $26.95 in the form of a check payable to petitioner, Celeste Reese, for her personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]


**IT IS SO ORDERED.**

/s Denise K. Vowell
**Denise K. Vowell**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).